**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Mark Billups**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Han Choi DDS, PLLC**, an Arizona Professional Limited Liability Company; and **Han Choi and Jane Doe Choi**, a Married Couple, | |
| Defendant. | |

Plaintiff, Mark Billups ("Plaintiff"), sues the Defendants, Han Choi DDS, PLLC, and Han Choi and Jane Doe Choi (collectively, "Defendants") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

-1-

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Han Choi DDS, PLLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Han Choi DDS, PLLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant Han Choi DDS, PLLC is an Arizona limited liability, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Han Choi DDS, PLLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Han Choi DDS, PLLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Han Choi DDS, PLLC is subject to liability under the FLSA.

11. Defendants Han Choi and Jane Doe Choi are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Han Choi and Jane Doe

-3-

Choi are owners of Han Choi DDS, PLLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Han Choi and Jane Doe Choi are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Han Choi and Jane Doe Choi are owners of Han Choi DDS, PLLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Han Choi and Jane Doe Choi are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

-4-

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi.

18. At all relevant times, Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi.

20. At all relevant times, Plaintiff was an "employee" of Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi as defined by the Arizona A.R.S. § 23-350, et seq.

21. At all relevant times, Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi were and continue to be "employers" as defined by A.R.S. § 23-350.

22. At all relevant times, Plaintiff was an "employee" of Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi were and continue to be "employers" as defined by A.R.S. § 23-362.

24. Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. Plaintiff, in his work for Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendants Han Choi DDS, PLLC and Han Choi and Jane Doe Choi, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

29. Defendants own and/or operate as Defendant Han Choi DDS, PLLC, an enterprise located in Maricopa County, Arizona.

30. Defendant Han Choi DDS, PLLC does business as "Trusmilenow Peoria."

31. Plaintiff was hired by as a dental assistant in or around January 2020 and worked for Defendants until approximately February 4, 2021.

32. Plaintiff was hired to work for Defendants by Defendant Han Choi.

33. Defendants, in their sole discretion, agreed to pay Plaintiff $22.00 per hour for all hours he worked.

34. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 40 hours per week.

35. Defendants did not pay Plaintiff his paycheck for his final two weeks of work for Defendants.

36. As a result, Defendants failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work.

37. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

38. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendants violated 29 U.S.C. § 206(a).

39. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendants have violated the AMWA, A.R.S. § 23-363.

40. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendants have violated the AWA, A.R.S. § 23-351, et seq.

41. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

42. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

43. Defendant have and continue to violate the AWA by not paying Plaintiff wages owed for all hours worked during his regular workweeks.

44. Plaintiff is a covered employee within the meaning of the FLSA.

45. Plaintiff is a covered employee within the meaning of the AMWA.

-7-

46. Plaintiff is a covered employee within the meaning of the AWA.

47. Plaintiff was a non-exempt employee.

48. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

49. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of employment.

55. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

56. Defendants' practice of willfully and improperly failing to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work violated the FLSA, 29 U.S.C. § 206(a).

57. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mark Billups, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

58.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.    Defendants willfully and improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of employment.

60.    As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

61.    Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

62.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mark Billups, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

-10-

        i.      Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

        ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES OWED**

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    Defendants willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for them during the final two workweeks of his employment.

65.    Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

-11-

66. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Mark Billups, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 1st Day of April, 2021.

                BENDAU & BENDAU PLLC

                By: /s/ *Christopher J. Bendau*
                Clifford P. Bendau, II
                Christopher J. Bendau
                *Attorneys for Plaintiff*